**HO–CHUAN CHEN; Hossein Barahimi, Plaintiffs–Appellees,**

v.

**Linda DOUGHERTY; Jennifer Lindwall, Defendants–Appellants.**

No. 05–35667.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed March 21, 2007.

Michael W. Gendler, Esq., Gendler & Mann, Seattle, WA, for Plaintiffs–Appellees.

Mark G. Stockdale, Endel R. Kolde, Esq., King County Prosecuting Attorney's Office, Civil Division/Tort Section, D. Michael Reilly, Esq., Nancy Watkins Anderson, Esq., Nancy Watkins Anderson, Esq., Lane Powell, PC, Peter L. Buck, Esq., Keith E. Moxon, Keith E. Moxon, Seattle, WA, for Defendants–Appellants.

Before: FISHER and TALLMAN, Circuit Judges, and EZRA, District Judge.*

MEMORANDUM **

Linda Dougherty and Jennifer Lindwall ("appellants") bring this interlocutory appeal challenging the district court's denial of their motion for summary judgment of

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

qualified immunity on Ho–Chuan Chen's and Hossein Barahimi's ("appellees") claims of First Amendment employment retaliation. We dismiss in part, affirm in part and remand.

In this type of interlocutory appeal, we may review only "abstract issues of law" and lack jurisdiction to decide challenges to the sufficiency of the evidence proffered at summary judgment, including "the existence, or nonexistence, of a triable issue of fact," and "whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." See Johnson v. Jones, 515 U.S. 304, 316–17, 320, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); see also Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Because this appeal is concerned primarily with challenges to evidentiary sufficiency, we dismiss it in part. We discuss here only those matters raised on appeal that properly fall within our interlocutory jurisdiction.

After the district court denied summary judgment, the Supreme Court decided Garcetti v. Ceballos, —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Appellants argue that Ceballos mandates summary judgment against all of appellees' First Amendment claims because all of the speech that appellees claim was the target of retaliation was made "pursuant to their official duties." See Ceballos, 126 S.Ct. at 1960. Speech made by a public employee pursuant to his or her official duties is not protected speech and cannot form the basis of a cognizable First Amendment retaliation claim. Id. at 1959. However, because the parties did not develop a factual record regarding this issue below, and because the district court has not ruled on it, we do not reach the issue

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on appeal. On remand the district court shall determine whether the speech allegedly targeted for retaliation constitutes protected speech in light of *Ceballos.* *See Freitag v. Ayers,* 468 F.3d 528, 546 (9th Cir.2006). We thus do not preclude appellants from making a renewed motion for summary judgment on this basis on remand.

▇▇ Assuming arguendo that the district court concludes that at least some of the speech was protected, we conclude that the district court did not err in ruling that if a jury were to agree that appellants caused appellees to be laid off, such conduct could constitute an adverse employment action. *See Coszalter v. City of Salem,* 320 F.3d 968, 975–77 (9th Cir.2003). Nor did the court err in holding that appellees could introduce evidence of acts which, though not retaliatory in isolation, could be viewed in combination as a "campaign of employer retaliation." *See id.* at 976–77. These principles were clearly established long before the events at issue here. *See Thomas v. Carpenter,* 881 F.2d 828, 829–30 (9th Cir.1989); *Allen v. Scribner,* 812 F.2d 426, 434 n. 17 (9th Cir.1987). No reasonable public official could have believed that it was lawful to engage in the type of retaliatory campaign identified by the district court.

▇▇ Because appellees proffered evidence from which a reasonable fact finder could conclude that retaliation was a substantial or motivating factor in the allegedly adverse employment actions, the district court properly denied summary judgment.[1] *See Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 751–52 (9th Cir. 2001) (discussing the types of evidence that may support an inference of retaliatory motive). The delay between the allegedly protected speech and the adverse actions was not too long as a matter of law to preclude an inference of retaliatory motive. Appellees introduced evidence of a campaign of retaliatory conduct that escalated as appellees reiterated their critiques of King County's traffic models. These interchanges culminated in appellees filing formal complaints in March and May 2003. Appellees were laid off in September and October 2003. Given these and other facts in the record, a reasonable fact finder could conclude that appellees' allegedly protected speech motivated the adverse actions. *See Coszalter,* 320 F.3d at 977–78 (emphasizing that "a specified time period cannot be a mechanically applied criterion" and that "the length of time, considered without regard to its factual setting, is not enough by itself to justify a grant of summary judgment"). An inference of retaliatory motive could also have been founded upon evidence in the record that appellants expressed opposition to appellees' protected speech. *See Keyser,* 265 F.3d at 751–52 (holding that evidence of the employer's opposition to the plaintiff's speech supports an inference of retaliatory motive even absent temporal proximity).

Appellants' arguments that the balance of interests under *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), tips in their favor as a matter of law also fails. Viewing the evidence in the light most favorable to appellees, Chen's e-mail and letter did not constitute disruptive threats but instead were reasonable attempts to communicate legitimate concerns in a professional manner. Similarly, the fact finder will have to determine whether appellants'

---

1. Although we lack jurisdiction to review claims challenging the sufficiency of the evidence regarding whether certain conduct occurred, we do have jurisdiction to review whether there is "a genuine issue of material fact respecting *the motives* of defendants." *See Jeffers v. Gomez,* 267 F.3d 895, 910 (9th Cir.2001) (emphasis added).

responses to these communications were retaliatory.

 Material disputes of fact also preclude summary judgment regarding appellants' claim that they "would have reached the same decision as to [appellees' employment] even in the absence of the protected conduct." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The Ninth Circuit has not adopted the Eleventh Circuit's qualified immunity analysis for mixed-motive cases. *See Stanley v. City of Dalton,* 219 F.3d 1280, 1295–96 (11th Cir.2000). It is clearly established that "[t]he focus of the *Mt. Healthy* mixed-motive analysis is not whether the defendant has produced some legitimate basis for the disciplinary action, but rather whether the disciplinary action would have been taken against the plaintiff 'even in the absence of the protected conduct.'" *Gilbrook v. City of Westminster,* 177 F.3d 839, 855 (9th Cir.1999) (quoting *Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568); *see also Crawford–El v. Britton,* 523 U.S. 574, 593–94, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (rejecting a qualified immunity test that would "immunize all officials whose conduct is 'objectively valid,' regardless of improper intent"). A reasonable public employer would have known that acting based on a retaliatory motive was unlawful. Moreover, even if this circuit had adopted the Eleventh Circuit rule, that standard would not support summary judgment here because there remains a factual dispute regarding whether appellants were even partially motivated by lawful considerations to engage in the alleged retaliation. *Cf. Stanley,* 219 F.3d at 1295–96.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**DISMISSED IN PART, AFFIRMED IN PART, REMANDED.**